IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00481-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    **JOSE RANGEL-REVELES**,

       Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Jeremy Sibert, Assistant United States Attorney for the District of Colorado, and the defendant, Jose Rangel-Reveles, personally and by counsel, Richard Banta, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.   AGREEMENT

The defendant agrees to plead guilty to Count Five of the Superseding Indictment charging the crime of False Statement During Purchase of a Firearm in violation of 18 U.S.C. ' 924(a)(1)(A).

Provided the defendant does nothing inconsistent with accepting responsibility between the date of his change of plea and his date of sentencing the government agrees it will recommend the defendant receive a full downward adjustment for acceptance of responsibility, and that the defendant be sentenced in the advisory guideline range as calculated below.

The government will move to dismiss Counts One and Four of the superseding indictment



and move to dismiss the original indictment.

There are no other agreements in this case.   The government maintains the right to withdraw from this agreement and file additional charges or enhancements if the defendant or the Court rejects or does not except the agreement for any reason.

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

In order to be convicted of a violation of 18 U.S.C. ' 924(a)(1)(A) the following elements would have to be proven beyond a reasonable doubt to a jury=s unanimous satisfaction:

1. The defendant made a false statement or representation with respect to the information required while obtaining a firearm from a licensed dealer;

2. The defendant knew the statement was false; and

The term Afirearm@ means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   The term Afirearm@ also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

The term Alicensed dealer@ means any firearms dealer who is licensed under federal law.

A statement is Afalse and fictitious@ if it was untrue when made and was then known to be untrue by the person making it.

2

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. ' 924(a)(1)(A) is:  not more than 60 months (5 years) imprisonment; not more than $250,000.00 fine, or both; not more than 3 years supervised release; $100.00 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below.  Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. ' 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court=s guideline computations, to other 18 U.S.C. ' 3553 factors, or to the

3

Court=s overall sentencing decision.

The parties agree that the date on which relevant conduct began is August 28, 2010.

The parties agree as follows:

On August 28, 2010, co-defendant Ortiz purchased two CA1 GP WASR-10 7.62x39 rifles from MGTS INC. DBA/Machine Gun Tours, 12550 W. Colfax Ave, Unit 103, Lakewood, Colorado 80215. On the ATF Form 4473, defendant Ortiz knowingly stated he was the actual buyer of the firearms when he knew that information was false. Defendant Ortiz signed the AT Form 4473 stating that all the information on that form was true and correct, even though he knew the information about him being the actual buyer was false. Information pertaining to who the buyer of firearms is material because the firearms= license dealer needs to conduct a background check on the buyer to make sure it is legal for the buyer to purchase the guns. MGTS INC. DBA/Machine Gun Tours a firearm license dealer within the legal meaning of 18 U.S.C. ' 922(a)(6). After purchasing the two rifles, the defendant gave the guns to Rangel-Reveles, the co-defendant in this case. Rangel-Reveles provided Ortiz the money to purchase the firearms, and defendant Ortiz made approximately between $75-$100 per rifle. Ortiz admitted that when he completed the ATF Form 4473, he knew he was not the actual buyer of the firearms.

On September 2, 2010, co-defendant Ortiz purchased seven more rifles from MGTS INC. DBA/Machine Gun Tours, 12550 W. Colfax Ave, Unit 103, Lakewood, Colorado 80215. Again, defendant Ortiz knowingly falsely stated he was the buyer of these firearms on the ATF Form 4473. Ortiz made $75-$100 for each rifle when he provided them to Rangel-Reveles. Rangel-Reveles provided Ortiz the money to purchase the firearms. Further, Ortiz knew that Rangel-Reveles was going to sell them.

4

On October 12, 2010, defendant Rangel-Reveles purchased ten rifles from The Gun Room, 1595 Carr Street, Lakewood, CO 80214. Defendant Rangle-Reveles knowingly falsely stated that he was the buyer of these firearms on the ATF Form 4473. Rangle-Reveles knew that the ownership information was false on ATF Form 4473. Information pertaining to who the buyer of firearms is material because the firearms= license dealer needs to conduct a background check on the buyer to make sure it is legal for the buyer to purchase the guns. The Gun Room is a firearm license dealer within the legal meaning of 18 U.S.C. ' 922(a)(6). All ten of the rifles were model 10AK, 7.62x39 caliber rifles. In addition to falsely stating that he was the buyer of these firearms, defendant Rangle-Reveles took these ten firearms and the seven previously purchased by co-defendant Ortiz and transported the firearms to the Republic of Mexico. Defendant Rangle-Reveles transported the firearms from Colorado to the Republic of Mexico, via El Paso, TX, with the assistance Jesus Mendoza. Jesus Mendoza helped make arrangements and assisted defendant Rangle-Reveles with packing the firearms in a vehicle to transport them over the border to Mexico. In addition, Mendoza assisted Rangle-Reveles with making the arrangements in Mexico with the drug cartel members that would take ownership of the firearms. Rangle-Reveles made several hundreds of dollars for each firearm sold to the drug cartel in Mexico.

The investigation began when Mexican law enforcement authorities located one of the firearms from a member of the drug cartel. The Mexican authorities reported the firearm and associated serial numbers to ATF. ATF conducted a background record search of the firearms which lead them to both of the defendants.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. ' 3553.  In determining the particular sentence to be imposed, the Court is required to consider seven factors.   One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.   In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.   To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.       The base guideline is ' 2K2.1(a)(6), with a base offense level of 14.

    B.       Specific offense characteristics

Defendant receives a four level increase for possessing more than 8 firearms 2K2.1(b)(1)(B).

    C.       There are no victim-related, role-in-offense, obstruction and/or multiple- count adjustments.

    D.       The adjusted offense level therefore would be 18.

    E.       The parties believe, at this juncture that the defendant should receive a full 3 level downward adjustment for acceptance of responsibility.   The resulting offense level therefore would be 15.

    F.       The parties understand that the defendant=s criminal history computation is tentative.   The criminal history category is determined by the Court based on the defendant=s prior convictions.   Based on information currently available to the parties, it is estimated that the defendant=s criminal history category would be III.

G.    The career offender/criminal livelihood/armed career criminal adjustments would not apply.

H.    The advisory guideline range resulting from these calculations is 24-30 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 18 months (bottom of Category I) to 51 months (top of Category VI).   The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

I.    Pursuant to guideline ' 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $4,000.00 to $40,000.00, plus applicable interest and penalties.

J.    Pursuant to guideline ' 5D1.2, if the Court imposes a term of supervised release, that term is at least 2 years, but not more than 3 years.

The parties understand that although the Court will consider the parties= estimate, the Court must make its own determination of the guideline range.   In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. ' 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory

guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. ' 3553 factor.

## VII.   ENTIRE AGREEMENT

This document states the parties entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10/23/13

JOSE RANGEL-REVELES
Defendant

Date: 10/23/13

RICHARD BANTA
Attorney for Defendant

Date: 10/23/13

JEREMY SIBERT
Assistant U.S. Attorney